# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| RAYMOND CAMPOS, | ) |
| Petitioner, | ) |
| | ) CAUSE NO: 2:16CV213-PPS |
| v. | ) Arising from |
| | ) CAUSE NO. 2:11CR77-PPS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION AND ORDER

On September 4, 2013, Raymond Campos entered pleas of guilty to two charges, murder in aid of racketeering, in violation of 18 U.S.C. §1959(a)(1), and conspiracy to participate in racketeering activity, in violation of 18 U.S.C. §1962(d).[1] [DE 629 & 631.] I sentenced Campos on August 21, 2015 to concurrent 20-year terms on the two counts. [DE 1767 & 1774.] No direct appeal was taken, but Campos has filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. [DE 1837.] The government has filed its response in opposition to the motion, and Campos has filed no reply. The matter is ripe for ruling.

Campos's motion makes use of a court-provided form (AO 243) and contains no more than 3 sentences setting out each of his three grounds for relief. Ground One asserts a claim that his attorney was ineffective for failing to argue that the murder in

---

[1] The murder was charged in a felony information in Cause No. 2:13CR108-PPS, and the racketeering conspiracy was charged in this Cause No. 2:11CR77-PPS. The pleas and sentencings were conducted in joint proceedings.

aid of racketeering charge was impacted by the Supreme Court's *Johnson* decision. [DE 1827 at 4.] In *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015), the Supreme Court held that one clause within the definition of "violent felony" for purposes of 18 U.S.C. §924(e) — commonly referred to as the "residual clause" of the Armed Career Criminal Act — is unconstitutionally vague and therefore void. The language the Supreme Court overturned was clause (B) of §924(c)(3)'s definition of "crime of violence" as a felony that "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Ground Two is a claim of prosecutorial misconduct that the government prosecuted Campos on the §1959 charge despite its having been invalidated by *Johnson*. [DE 1827 at 5.] Finally, in Ground Three, Campos alleges judicial misconduct in that he was not given "safety valve" sentencing treatment as a first-time offender and because the court did not protect his rights under *Johnson*. [*Id.* at 6.]

Disposition of Campos's motion is straightforward because the government invokes Campos's waiver of post-conviction relief. [DE 1856 at 5-7.] Campos signed a plea agreement containing a waiver of his right to bring these claims. A voluntary and knowing waiver of the right to appeal or bring post-conviction challenges to a conviction or sentence is valid and must be enforced. *United States v. Malone*, 815 F.3d 367, 370 (7th Cir. 2016); *United States v. Lacy*, 813 F.3d 654, 656 (7th Cir. 2016). Within his plea agreement, Campos agreed to:

> expressly waive [his] right to appeal or to contest [his] conviction and [his] sentence imposed or the manner in which [his] conviction or [his] sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including...any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2555[.]

[DE 629 at 5.] The waiver was reviewed at his change of plea hearing, and Campos acknowledged that he understood it and agreed to it knowingly and voluntarily. [DE 750 at 15-17.] The waiver is valid and enforceable. The claims Campos asserts in his §2255 motion do not relate to the appeal waiver itself, and the motion can be denied based on the waiver.

In any event, Campos's claims are without merit. The Supreme Court's *Johnson* decision has no application to the murder in aid of racketeering count Campos pled guilty to under 18 U.S.C. §1959(a)(1). That statute – VICAR, for Violent Crimes in Aid of Racketeering Acitivity – applies, as the name suggests, to the commission of a number of different enumerated violent crimes committed in relation to the defendant's participation in a racketeering enterprise. Campos was specifically charged with a murder, which is the first of the violent crimes in subsection (a)(1) of the VICAR statute's list. Subsection (a)(4) of the list applies to "threatening to commit a crime of violence," but whatever *Johnson*'s implication might be for that species of VICAR offense, it does not impact Campos's admission to a murder in violation of subsection (a)(1). Because Campos's case "does not involve the residual clause [of the

3

ACCA]...*Johnson* does not affect him." *United States v. Yang*, 799 F.3d 750, 752 n.1 (7th Cir. 2015).

The inapplicability of *Johnson* defeats Grounds One and Two of Campos's motion, as well as the portion of Ground Three based on *Johnson*. To the extent that Ground Three suggests Campos should have been given "safety valve" treatment at sentencing, that contention is also wide of the mark. Section 5C1.2 of the Sentencing Guidelines is colloquially known as the "safety valve" because it provides, as its name suggests, a "Limitation on Applicability of Statutory Minimum Sentences in Certain Cases." But neither of Campos's offenses carries a statutory *minimum* sentence.

Further, even if they did, Campos would not qualify for the benefit of §5C1.2. The provision itemizes a list of factors that prevent its application to a particular case. These include the defendant having more than 1 criminal history point, the offense(s) involving violence or possession of a firearm, and the offense(s) resulting in death. §5C1.2(a)(1), (2) and (3). Campos had 4 criminal history points. PSR at ¶95. He used a firearm to murder Steven Rodriguez [DE 750 at 25-27] and also "shot another individual in furtherance of this RICO Conspiracy," who "sustained permanent or life threatening bodily injury as a result" [*Id.* at 12-13]. Campos did not qualify for "safety valve" treatment under §5C1.2.

Because Campos waived the claims he now brings, and because the claims are without merit, his §2255 motion will be denied. I must also consider whether to grant Campos a certificate of appealability. "The district court must issue or deny a certificate

4

of appealability when it enters a final order adverse to the applicant." RULES GOVERNING SECTION 2255 PROCEEDINGS 11(a). "A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To obtain a certificate of appealability, Campos must show that reasonable jurists could debate whether his petition should have been resolved differently. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In light of Campos's waiver of post-conviction claims, and the meritlessness of the claims he now brings, I will deny a certificate of appealability.

**ACCORDINGLY:**

Raymond Campos's motion to vacate, set aside or correct his sentence under §2255 [DE 1837] is DENIED.

A certificate of appealability is DENIED.

SO ORDERED.

ENTERED: January 6, 2017.

                                                  /s/ Philip P. Simon
                                                  PHILIP P. SIMON, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT